# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                                  Crim. No. 04-402 (RHK/JSM)
                                  Civ. No. 11-150 (RHK)
                                  **MEMORANDUM OPINION AND ORDER**

v.

Loren George Jennings,

                Defendant.

Joseph T. Dixon, III, Assistant United States Attorney, Minneapolis, Minnesota, for Plaintiff.

Douglas A. Kelley, Steven E. Wolter, Daniel M. Scott, Kelley, Wolter & Scott, P.A., Minneapolis, Minnesota, for Defendant.

This matter is before the Court on Defendant Loren George Jennings's Motion pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

The factual background in this case is extensively detailed in the Eighth Circuit's opinion affirming Jennings's conviction. Familiarity with that factual background (and the prior proceedings in this case) is assumed, see United States v. Jennings, 487 F.3d 564 (8th Cir. 2007), and will be repeated herein only to the extent necessary for an understanding of this decision.

At trial, the jury convicted Jennings of two counts of "honest-services" mail fraud and a derivative count of laundering the proceeds of that fraud. The Court sentenced him to 48 months' imprisonment and three years of supervised release.[1] Jennings appealed, arguing *inter alia* that this Court improperly instructed the jury regarding the elements of honest-services fraud and that the Government had failed to prove he owed a duty to disclose his interest in Northern Pole, the primary beneficiary of the legislation he had shepherded through the Minnesota House of Representatives. On June 6, 2007, the Eighth Circuit rejected these arguments, finding that (1) there existed sufficient evidence Jennings had failed to disclose his interest in Northern Pole in violation of Minnesota law regarding conflicts of interest by public officials, and (2) the jury had been properly instructed on the elements of honest-services fraud. See 487 F.3d at 577-80.

More than three years later, on June 24, 2010, the United States Supreme Court decided Skilling v. United States, 130 S. Ct. 2896, which is at the heart of the instant Motion. There, the defendant, a former Enron executive, had been convicted of honest-services fraud. On appeal, he asserted that the phrase "intangible right of honest services" in 18 U.S.C. § 1346 – the honest-services fraud statute, under which Jennings also was convicted – was unconstitutionally vague and, as a result, his conviction violated due

---

[1] Jennings completed the custodial portion of his sentence on May 11, 2009, and will be on supervised release until May 11, 2012. As a result, the Court enjoys jurisdiction to entertain the instant Motion. See, e.g., 28 U.S.C. § 2255(a) (noting that an individual "in custody under sentence of a [federal] court" may bring a collateral attack); United States v. Queen, 90 F. App'x 197, 198 (8th Cir. 2004) (*per curiam*) (citing United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999), for the proposition that a "prisoner on supervised release is 'in custody' for purposes of filing [a] § 2255 motion").

process.  Id. at 2927, 2933 n.44.  The Supreme Court agreed in part; applying the "rule of lenity" and the "practice . . . [of] consider[ing] whether [a statute] is amenable to a limiting construction" rendering it "constitutionally definite," Skilling held that honest-services fraud must be limited to bribery and kickback schemes in order to pass constitutional muster.  Id. at 2928-2931.

Skilling supplies the foundation for Jennings's Motion here.  He argues that he was charged in this case "with the very theory of guilt that was specifically rejected by the Supreme Court to be contained in the definition of 'deprivation of honest services' fraud." (Def. Mem. in Supp. at 4.)  He asserts that Skilling "made clear that [he] was tried and convicted for a crime that didn't exist," because "[n]either the indictment nor the proof at trial relate[d] to bribes or kickbacks."  (Id. at 11.)  Accordingly, he claims that his conviction must be set aside.  As set forth below, the Court disagrees.[2]

## DISCUSSION

The primary problem with Jennings's Motion is procedural.  The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).  Due to "[s]ocietal interests in the finality of judgments" and in "inducing parties to focus their energies on the trial and

---

[2] Jennings has not requested a hearing in connection with his Motion, and the Court concludes that it need not hold one.  "A defendant is entitled to a hearing on a § 2255 motion 'unless the motion, files, and record conclusively show' that the defendant is not entitled to relief."  United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005) (quoting Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001)).  Here, the record demonstrates that Jennings is not entitled to relief, and hence no hearing is necessary.

initial appeal," the scope of collateral review is "limit[ed]." Ryan v. United States, __ F.3d __, 2011 WL 2624440, at *2 (7th Cir. 2011) (citation omitted). For these reasons, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate "(1) cause for the default and actual prejudice or (2) actual innocence." United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001).

Here, Jennings could have raised the claim asserted in the instant Motion on direct appeal. While it is true that he seeks relief based on a Supreme Court case decided *after* the Eighth Circuit resolved his direct appeal, that is not the question for purposes of procedural default. Rather, what matters is that Jennings could have raised the *legal issue* he presses now, and which was decided in Skilling – namely, that the honest-services-fraud statute must be limited to bribes and kickbacks in order to satisfy constitutional standards – but he did not do so. As the Seventh Circuit recently noted in a similar case, "if [Jennings's] lawyers had done what Skilling's lawyers did, the controlling decision today might be [Jennings] rather than Skilling." Ryan, 2011 WL 2624440, at *2.[3]

---

[3] That Skilling was decided after the conclusion of Jennings's appeal *is* relevant to the timeliness of the instant Motion. A collateral attack on a federal conviction generally must be brought within one year of the date on which the conviction became final. 28 U.S.C. § 2255(f)(1). Jennings's conviction here was final well more than one year before January 19, 2011, the date he filed the instant Motion. But Section 2255 restarts the one-year clock when a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Although the Supreme Court did not speak to retroactivity in Skilling, the Government has not argued that it cannot apply retroactively, and several courts have determined that it is indeed retroactively applicable. See, e.g., United States v. Scruggs, No. 3:07CR192-B-A, 2011 WL 1832769, at *3 (N.D. Miss. May 13, 2011); DeGuzman v. United States, Civ. A. No. SA-10-CA-951, 2011 WL 777934, at *2 (W.D. Tex. Feb. 25, 2011); Rodrigues v. United States, Civ. No. 10-406-DAE, 2011 WL 529158, at *8 (D. Haw. Jan. 31, 2011); but see United States v. Crawley, Civ. No. H-09-3457, 2010 WL 4393970,

Jennings attempts to avoid his procedural default by arguing that he did, in fact, raise this issue on direct appeal. (Def. Reply Mem. at 6-8.) But the Court has reviewed his appellate brief and cannot agree with this contention. His arguments for reversal focused on the source of his duty to disclose, the allegedly erroneous jury instructions, and this Court's "failure" to require the Government to show a "gain" or "loss" in order to prove honest-services fraud. See Brief for Appellant at 19-33, United States v. Jennings, 487 F.3d 564 (8th Cir. 2007) (No. 06-1889), 2006 WL 2365337, at *19-33. The words "unconstitutional," "overbroad," and "due process" are nowhere to be found in his appellate brief. Bribery and kickbacks were not mentioned, except with respect to forfeiture issues not pertinent here. Perhaps more importantly, the Eighth Circuit apparently did not believe it was called upon to address the issue Jennings raises now, as the constitutionality of 18 U.S.C. § 1346, and its application to only bribery and kickback schemes, is nowhere mentioned in its opinion.

Because Jennings defaulted the claim asserted in his Motion, "significant barriers exist in [his] path" to collateral relief. Moss, 252 F.3d at 1001. As noted above, for the instant Motion to be granted, he must demonstrate (1) cause for his default and actual prejudice or (2) that he is actually innocent of honest-services mail fraud. Id. He can do neither.

---

at *10 n.7 (S.D. Tex. Oct. 29, 2010). Moreover, Bousley v. United States, 523 U.S. 614 (1998), and Davis v. United States, 417 U.S. 333 (1974), imply that Skilling must apply retroactively, because it narrowed the scope of a federal criminal statute. See also Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004); Ryan, 2011 WL 2624440, at *1. This Court agrees that Skilling applies retroactively and, as a result, the instant Motion is timely under Section 2255(f)(3).

The former path is unavailable because Jennings cannot show cause for his default and, indeed, he has not even attempted to do so.[4]  "'[C]ause' in the formula 'cause and prejudice' means some impediment to making an argument."  Ryan, 2011 WL 2624440, at *3.  There is no such impediment evident here.  While Skilling post-dated Jennings's appeal in this case, defendants both within and without the Eighth Circuit had argued for years prior to his appeal that Section 1346 was too vague – either on its face or as applied – to satisfy the Constitution.  See, e.g., United States v. Rybicki, 354 F.3d 124 (2d Cir. 2003) (*en banc*); United States v. Welch, 327 F.3d 1081 (10th Cir. 2003); United States v. Easton, 54 F. App'x 242 (8th Cir. 2002) (*per curiam*); United States v. Frost, 125 F.3d 346 (6th Cir. 1997); United States v. Waymer, 55 F.3d 564 (11th Cir. 1995); United States v. Anderson, No. Crim. 05-249, 2006 WL 1314419 (D. Minn. May 11, 2006) (Magnuson, J.); United States v. Barford, No. 4:03-CR-434, 2004 WL 5645086 (E.D. Mo. Apr. 23, 2004).  Nor can Jennings show "cause" from the fact that courts had consistently rebuffed these constitutional challenges.  "Procedural default . . . cannot be overcome because the issue was settled in the lower courts."  Moss, 252 F.3d at 1002; accord, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.").

---

[4] Of course, this is likely because Jennings claims that he did *not*, in fact, default the claim asserted in his Motion.

There is simply no reason to conclude that Jennings could not have raised on appeal the issue he posits now in support of collateral relief. Accordingly, he cannot demonstrate "cause" for his procedural default.

Jennings fares no better attempting to show that he is actually innocent of honest-services mail fraud. He argues that the charges contained in the Indictment and the instructions provided to the jury relied on overbroad, pre-<u>Skilling</u> interpretations of honest-services fraud, untethered to bribes and kickbacks. (Def. Reply Mem. at 3-4.) That may be true, but it is also irrelevant, for this argument misapprehends the nature of "actual innocence."

To show that he is "actually innocent" of honest-services mail fraud, Jennings must show, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623 (internal quotation marks and citation omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." <u>Id.</u> This is a "strict standard," requiring Jennings to show that the evidence adduced at trial would not support a conviction under Section 1346 *as now construed by the Supreme Court in <u>Skilling</u>*. <u>McNeal v. United States</u>, 249 F.3d 747, 749-51 (8th Cir. 2001). Put another way, the question "is whether, applying current legal standards to the trial record, [he] is entitled to a judgment of acquittal." <u>Ryan</u>, 2011 WL 2624440, at *5. Erroneous jury instructions are not enough; actual innocence "depends on the content of the trial record, not the content of the jury instructions." <u>Id.</u> at *4.

Jennings simply cannot show that he is actually innocent of honest-services fraud, as defined by the Supreme Court in Skilling. This Court need not rehash all of the evidence introduced by the Government at trial, which is detailed at length in the Eighth Circuit's opinion affirming Jennings's conviction. See 487 F.3d at 568-74. Suffice it to say, that evidence was more than sufficient to establish that he received kickbacks – in the form of loan repayments by Northern Pole – in exchange for routing funds to Northern Pole through the CIP program. Such payments were quintessential "kickbacks." See, e.g., Skilling, 130 S. Ct. at 2932 (describing the "classic kickback scheme" at issue in McNally v. United States, 483 U.S. 350 (1987): "A public official, in exchange for routing . . . business through a middleman company, arranged for that company to share its commissions with entities in which the official held an interest."); id. at 2933-34 (favorably citing the definition of "kickback" in 41 U.S.C. § 52(2): "any money, fee, commission, credit, gift, gratuity, thing of value, or compensation of any kind which is provided, directly or indirectly, . . . for the purpose of . . . rewarding favorable treatment"); United States v. Johnson, 463 F.3d 803, 809 (8th Cir. 2006) (noting that the "generally understood meaning" of the word "kickback" is a "payment exacted as a condition for granting assistance by one in a position to open up or control a source of income"). And it makes no difference whether the funds from Northern Pole were paid directly to Jennings or to companies he controlled. Payments are "kickbacks" even when they only *indirectly* benefit the alleged fraud-doer. See Skilling, 130 S. Ct. at 2934;

Rodrigues v. United States, Civ. No. 10-406-DAE, 2011 WL 529158, at *12 (D. Haw. Jan. 31, 2011).

At bottom, this is not one of the "extremely rare" cases where the trial record leads inevitably to the conclusion that the defendant is actually innocent of the offenses for which he was convicted. United States v. Lurie, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000). Accordingly, Jennings is not entitled to collateral relief.

Finally, the Court anticipates that Jennings will seek Eighth Circuit review of this Order. A federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A district court cannot grant a certificate of appealability unless the prisoner "has made a *substantial showing* of the denial of a constitutional right." Id. § 2253(c)(2) (emphasis added); accord Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). This requires Jennings to show that the issues addressed herein are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court concludes that a certificate of appealability should issue here. Courts applying Skilling on collateral review have reached disparate results regarding the scope and application of that decision. Compare, e.g., United States v. Panarella, Crim. A. No. 00-655, 2011 WL 3273599 (E.D. Pa. Aug. 1, 2011) (granting writ of error coram nobis and vacating defendant's conviction for honest-services fraud based upon Skilling), and

9

Stayton v. United States, 766 F. Supp. 2d 1260 (M.D. Ala. 2011) (vacating conviction on § 2255 motion in light of Skilling), with Ryan, 2011 WL 2624440 (denying relief from honest-services fraud conviction under § 2255), and Rodrigues, 2011 WL 529158 (same). Although the Court believes its decision here is firmly grounded in and supported by law, the facts of this case, and Supreme Court and Eighth Circuit precedent, the case law recited above suggests the Skilling issue is "debatable among reasonable jurists" and is "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483 (2000).

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that (1) Jennings's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 124 in Crim. No. 04-402) is **DENIED** and (2) Jennings is **GRANTED** a Certificate of Appealability as to whether his conviction must be set aside based upon Skilling.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: August 15, 2011                              s/Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge